EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* SIXTO RIVERA RODRÍGUEZ, demandado y peticionario.

*Número:* CE-94-756 *Resuelto:* 31 de marzo de 1995

*Carmen Ana Rodríguez Maldonado*, de la *Sociedad para la Asistencia Legal*, abogada del peticionario; *Carlos Lugo Fiol, Subprocurador General*, y *Eunice Amaro Garay, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El Sr. Sixto Rivera Rodríguez nos solicita la revisión de una resolución del Tribunal Superior en la cual se le deniega una moción de desestimación de una acusación fundamentada en que durante la celebración de la vista preliminar el Ministerio Fiscal no puso a la disposición de la defensa las declaraciones juradas prestadas por los testigos que declararon durante la vista. El recurso nos permite pronunciarnos sobre la validez de la determinación de causa probable para acusar cuando durante la vista preliminar el Fiscal no ha entregado a la defensa copia alguna de las declaraciones juradas tomadas a los testigos de cargo presentados en dicha vista, al aducir que no las tiene en su poder. Revocamos el dictamen recurrido.

I

Se presentó contra el peticionario una denuncia por infracción al Art. 173B del Código Penal. 33 L.P.R.A. sec. 4279b. El día en que se celebró la vista preliminar, la Fiscalía anunció que no tenía consigo el expediente del caso. Indicó que los testigos de cargo que iba a sentar a declarar le habían expresado que, durante la etapa investigativa,

prestaron declaraciones juradas en relación con los hechos del caso en otras oficinas del Ministerio Público. La representación legal de Rivera Rodríguez argumentó que esas declaraciones juradas eran sobre los hechos imputados y que éste tenía derecho a que se le entregara copia de éstas una vez los testigos de cargo prestaran su testimonio. El foro de instancia declaró sin lugar los señalamientos del peticionario.

Posteriormente, el Ministerio Público interrogó sus testigos. La defensa no los contrainterrogó, al reiterar su planteamiento de que al no tener acceso a las declaraciones juradas solicitadas se veía imposibilitada de efectuar un contrainterrogatorio efectivo y, además, se estaba privando al imputado de tener una representación legal adecuada.

Al finalizar el interrogatorio directo de uno de los testigos, a preguntas de la defensa, éste declaró que tanto él como la testigo anterior habían prestado unas declaraciones juradas que versaban exclusivamente sobre los hechos por los cuales Rivera Rodríguez estaba siendo procesado. Además, expuso que en dicha declaración constaba lo que testificó en la vista preliminar. La representación legal del acusado reiteró su argumento de que, conforme a las disposiciones de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el Ministerio Público tenía el deber y la obligación de proveer a la defensa copia de las declaraciones juradas prestadas por los testigos de cargo que testificaron y que la entrega de esas declaraciones era necesaria para poder representar adecuadamente al imputado y poder realizar un contrainterrogatorio efectivo.

Así las cosas, una vez presentada la acusación ante el Tribunal Superior, la defensa presentó una moción que solicitaba la desestimación de la acusación al amparo de las disposiciones de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Dicha moción recogió los señalamientos vertidos en la vista preliminar sobre la necesidad de tener

acceso a las declaraciones juradas de los testigos que allí declararían.

Como esta moción fue denegada de plano, la Sociedad para Asistencia Legal recurrió ante nos y solicitó que revocáramos este dictamen. En su recurso, la Sociedad para Asistencia Legal informó que "la situación del presente caso no es un incidente aislado. Es una situación que se está dando con una frecuencia preocupante en las Salas de Vista Preliminar". Petición de *certiorari*, pág. 13. Nos han solicitado que hagamos un pronunciamiento que aclare la normativa vigente para evitar que otras salas de lo criminal en el tribunal de primera instancia continúen denegando peticiones análogas.

Oportunamente emitimos una orden para conceder al Procurador General un término para mostrar causa por la cual no se debía revocar el dictamen recurrido. Además, ordenamos la paralización de los procedimientos en el Tribunal Superior.

El Procurador General compareció dentro del término concedido y, en forma ejemplarizante, ha aceptado que la representación legal del peticionario poseía el derecho a tener acceso a las declaraciones juradas de los testigos que declararon en la vista preliminar y que se encontraban en poder del Ministerio Público. Además, se allanó a la desestimación de la acusación para que se celebre una nueva vista preliminar conforme a derecho.

## II

En nuestro ordenamiento, la Regla 23 de Procedimiento Criminal, *supra*, establece la vista preliminar con el propósito de "evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal". *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970). Su función no es establecer la culpabilidad o inocencia del acusado, sino averiguar, mediante una vista ad-

versativa, si el Estado tiene suficiente prueba para continuar con el proceso judicial. Véanse: *El Vocero de P.R. v. E.L.A.*, 131 D.P.R. 356 (1992); *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 664 (1985).

Este objetivo está en la tesis de que:

> ... es insuficiente la determinación de causa probable para el arresto, por razón de que el denunciante pueda sin razón válida alguna imputar un delito, y en virtud de la naturaleza no adversativa de la determinación de causa probable para el arresto o citación —que puede hacerse en ausencia del imputado— se someta "arbitrariamente" a un ciudadano a un juicio por delito grave ... sin previa oportunidad de vista adversativa donde se justifique la celebración de un juicio. E.L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. III, sec. 22.1, pág. 64.

Por la naturaleza de la vista preliminar, su desarrollo está limitado a su función básica: la determinación de causa probable para creer que se ha cometido un delito y que éste haya sido cometido por el acusado. *Pueblo v. Opio Opio*, 104 D.P.R. 167, 171 (1975); *Pueblo v. Rodríguez Aponte*, supra, pág. 663. O.E. Resumil de Sanfilippo, *Derecho Procesal Penal: Práctica Jurídica de Puerto Rico*, New Hampshire, Ed. Equity, 1990, T. I, Cap. 15, pág. 380. En la vista, el imputado tiene derecho a contrainterrogar a los testigos de cargo y a presentar prueba de defensa que derrote la probabilidad de su vinculación con el delito como autor de éste.

Además, la Regla 23(c) de Procedimiento Criminal dispone que al ser requerido por la defensa, el Ministerio Público debe poner a su disposición las declaraciones juradas que tenga en su poder de aquellos testigos que hayan declarado en la vista. 34 L.P.R.A. Ap. II. Se activa este derecho cuando, luego de que el testigo haya declarado en vista preliminar, medie una solicitud de la defensa para que se le entreguen las declaraciones de dicho testigo que estén en poder del Ministerio Público.

144

■ El imputado tiene derecho a obtener estas declaraciones juradas durante la vista una vez finaliza el interrogatorio directo y antes de comenzar el contrainterrogatorio. *Pueblo v. Ribas*, 83 D.P.R. 386, 391–392 (1961). De esta manera, el imputado podrá estar en posición de impugnar la credibilidad del declarante durante esa misma vista.

Ahora bien, la regla dispone que el Ministerio Público tiene que suministrar copias de "las declaraciones juradas que tuviere en su poder". 34 L.P.R.A. Ap. II. Sin embargo, ésta es ambigua en cuanto al significado de la frase "que tuviere en su poder". ¿Están sólo en su poder aquellas declaraciones juradas que se encuentran en el expediente del caso o bajo el control directo del Fiscal de Distrito o sus auxiliares? ¿Se presume que están en su poder aquéllas que se encuentran bajo la custodia de otro funcionario o empleado del Ministerio Público o de otra dependencia gubernamental?

■ En lo referente a otras etapas del proceso penal, este Tribunal ha sostenido constantemente la obligación del Ministerio Público de entregar los documentos que estén en poder de otras entidades gubernamentales que no estaban directamente bajo su custodia o control. Véanse: *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 248 (1979); *Pueblo v. Tribunal Superior*, 102 D.P.R. 470 (1974). Sólo cuando los documentos estén en manos de terceras personas, que no son funcionarios gubernamentales, es que hemos sostenido que éstos no se encuentran "en poder" del Ministerio Público. *Pueblo v. Colón Rivera*, 93 D.P.R. 852, 855 (1967).

■ Resulta compatible con esta trayectoria jurisdiccional el que, una vez requerido por la defensa, el Ministerio Público tenga la obligación de entregar durante la vista preliminar las declaraciones juradas de los testigos de cargo que declaren si esas están bajo la posesión directa o constructiva del Ministerio Público. Esto implica que

tiene que entregar tanto las declaraciones que estén bajo su control o tenencia física en su oficina o lugar del trabajo o las que él conozca que se encuentran en otra dependencia del Ministerio Público, como las que razonablemente se pueda considerar que estén bajo su control indirecto y que él no sólo tenga conocimiento de su existencia sino que también pueda obtener. A tenor con esta normativa, si se acepta o se demuestra que el Ministerio Público tomó declaraciones juradas del testigo de cargo presentado en la vista preliminar relacionadas con los hechos del delito imputado, es también razonable que se presuma que el Estado ha continuado "en poder" de éstas. Para rebatir esta presunción, el Fiscal tiene la obligación de demostrar —mediante prueba— que las declaraciones no están en su poder y de acreditar las gestiones que ha realizado para localizar y producir el documento.

 En su comparecencia ante nos el Procurador General reconoce que:

> ... parece indiscutible que una vez se le toma una declaración jurada a un testigo, [é]sta se encuentra en poder del Ministerio Público aún cuando no esté en un expediente en particular. De igual manera, si se presenta en la vista preliminar un testigo que ha prestado declaración jurada y el imputado de delito la solicita, la misma le debe ser suplida a menos que se demuestre que el Ministerio Público no la tiene en su poder. Consideramos que una mera alegación a los efectos de que la declaración no se encuentra en el expediente no constituye causa suficiente para eximir al Ministerio Público de cumplir con la Regla 23(c). Escrito para mostrar causa, pág. 6.

## III

Considerada la normativa antes expuesta, procede revocar la resolución recurrida. Como correctamente sostiene el peticionario y lo acepta el Procurador General, durante la vista preliminar el Ministerio Público alegó que no podía entregar las declaraciones juradas de los testigos de cargo presentados a declarar debido a que no tenía en su poder el

expediente ni las declaraciones juradas que se habían tomado en otra oficina de fiscalía. Esta mera alegación de no poseer el expediente ni las declaraciones juradas claramente no podía tener el efecto de relevar al Ministerio Público de cumplir con el requisito de la Regla 23(c) de Procedimiento Criminal, *supra*.

En estas circunstancias, tanto la Sociedad para Asistencia Legal como el Procurador General coinciden en que procede la desestimación de la acusación a tenor con la Regla 64(p) de Procedimiento Criminal, *supra*, para que se celebre una nueva vista preliminar conforme a derecho.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López emitió una opinión concurrente y disidente. El Juez Asociado Señor Fuster Berlingeri no intervino.

— O —

Opinión concurrente y disidente emitida por el Juez Asociado Señor Rebollo López.

Hemos tomado la determinación de expresarnos por separado en el presente caso debido al hecho de que nos encontramos en la *curiosa* situación de que, aun cuando concurrimos con la "norma" que hoy establece el Tribunal, nos vemos imposibilitados de así hacerlo *sin cualificar* la misma y en la "obligación" de *disentir totalmente* del *resultado* a que llega el Tribunal en el caso.

No hay duda de que constituye norma trillada, e indiscutible, que la representación legal de un imputado de delito tiene *derecho* a que el Ministerio Fiscal le entregue copia de la declaración jurada de todo testigo que el Estado utilice en la vista preliminar contemplada por la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, luego de que se termine por el fiscal el interrogatorio directo a dicho testigo. Tampoco debe haber mucha discusión sobre el he-

cho de que a los fines de la terminología del Inciso (c) de dicha Regla 23 de Procedimiento Criminal —a los efectos de "las declaraciones juradas *que tuviera [el fiscal] en su poder*" (énfasis suplido)— poco importa si el fiscal que tiene asignado el caso es el que tiene dichas declaraciones juradas o lo es cualquier otro miembro del Ministerio Fiscal en una, u otra, de las muchas Fiscalías de Distrito. Hay que recordar que el Ministerio Fiscal es "uno" sólo. En ello *concurrimos plenamente* con el Tribunal.

*Ahora bien*, no podemos suscribir, *sin cualificarlo*, lo expresado por el Tribunal a los efectos de que ese derecho incluye las declaraciones juradas tomadas a testigos por funcionarios de *otras* agencias gubernamentales; ello en vista del hecho de que puede darse el caso de que el Ministerio Fiscal *desconozca totalmente* la existencia de las mismas. En nuestra opinión, de la única manera en que puede hacerse "responsable" al Ministerio Fiscal por la no entrega de declaraciones juradas tomadas en, o por, otras agencias gubernamentales es en el caso en que exista prueba, *clara y convincente*, demostrativa de que el Ministerio Público efectivamente tiene *conocimiento* de la existencia de las mismas. Sobre todo, cuando consideramos el hecho de que el Tribunal, en el presente caso, ha establecido *como norma*, la *anulación automática* de un procedimiento ya celebrado; ello como *sanción* por razón del incumplimiento con la obligación de entregar dichas declaraciones juradas.

*Por otro lado*, nos vemos impedidos de suscribir, y endosar con nuestro voto, la referida decisión mayoritaria de *anular automáticamente* la determinación de causa probable que se hiciera en el presente caso; ello en vista de los *hechos particulares* del mismo. Los hechos del presente caso establecen que el representante del Ministerio Público —*con anterioridad al comienzo de la vista preliminar*— le hizo claro, tanto al tribunal como a la defensa, que a pesar de que existían las declaraciones juradas, él no las tenía

ese día consigo. Esto es, el fiscal no escondió y/o incurrió en conducta impropia alguna. Ante esta situación, y como surge de la opinión que se emite por el Tribunal en el presente caso, la defensa argumentó que su representado tenía derecho a que se les entregara copia de las mismas una vez los testigos de cargo prestaran su testimonio. *No* surge, sin embargo, que la defensa solicitara la suspensión de la vista preliminar para otro día en que el fiscal pudiera suministrarle las mismas o que estuviera "ameno" a cualquier otra solución intermedia, tal como que se le permitiera reabrir el contrainterrogatorio de los testigos una vez se le proporcionaran dichas declaraciones juradas, etc.

*Por el contrario*, dicha representación legal asumió la "posición olímpica", y errónea, de *negarse* a tan siquiera contrainterrogar a los testigos de cargo que sentó a declarar el Ministerio Público durante dicha vista; *incumpliendo crasamente*, dicho sea de paso, con su *obligación ética* de brindarle una *efectiva y adecuada* representación legal a su cliente y, porque no decirlo, *entorpeciendo* el curso ordinario y correcto de los procedimientos judiciales.

*Por último*, dicha representación legal *no* nos ha demostrado el "daño real y efectivo" que sufrió su representado por razón de no contar con copia de las declaraciones juradas de los testigos que declararon; meramente se ha *limitado* a señalar su derecho a ello, como cuestión de derecho, y a "informarnos" que la entrega de dichas declaraciones tiene el sabido y conocido propósito de permitirle a la defensa impugnar la credibilidad de dichos testigos. En otras palabras, estamos ante un alegado, y etéreo, "daño" supuestamente causádole al imputado de delito.

Todo el que haya tenido *alguna experiencia* en la litigación a nivel de instancia sabe, *o debería de saber*, que en muchas ocasiones de nada sirve para el abogado litigante el contar con, antes de contrainterrogar a un testigo, las declaraciones juradas que anteriormente hubiera prestado dicho testigo. Esto es, en muchas ocasiones —y no obstante

el abogado contar con copia de dichas declaraciones juradas— a dicho abogado le es imposible impugnar con las mismas la credibilidad del testigo; ello, llana y sencillamente debido al hecho de que la declaración de ese testigo en corte en nada varía de la declaración que prestara con anterioridad al juicio. En otras ocasiones, por el contrario, el abogado puede impugnar con éxito dicha credibilidad por razón de que el testigo varía sustancialmente su declaración en corte en comparación con la prestada con anterioridad al juicio. *Una u otra situación puede, y debe, ser objeto de demostración por la representación legal del cliente.* En este caso, *no* se hizo dicha demostración; el abogado, repetimos, meramente se negó a contrainterrogar a los testigos de cargo por razón de no contar con copia de las declaraciones que éstos hubieran prestado anteriormente ante el Ministerio Fiscal.

Cabe preguntarse, qué fue lo que le causó mayor daño a ese imputado de delito en el presente caso: la ausencia de las declaraciones juradas en controversia *o* la posición *irresponsable* asumida por su abogado de negarse a contrainterrogar a los testigos, y, de esa forma, privarlo de una adecuada y efectiva representación legal durante la celebración de la vista preliminar.([1]) *Nos inclinamos a creer que es la segunda de dichas alternativas.*

En vista a lo anteriormente expresado, somos del criterio que *no* procede, como decreta la mayoría del Tribunal, *automáticamente* dejar sin efecto, o anular, la determinación de causa probable para radicar acusación que se hiciera en el presente caso al amparo de las disposiciones de la Regla 23 de Procedimiento Criminal; determinación que, dicho sea de paso, está cobijada por una presunción de

---

([1]) Debe mantenerse presente que *no* se trata en el presente caso de que el imputado no tuvo una adecuada representación legal en la vista preliminar por razón de *incompetencia* de su abogado. En el presente caso de lo que se trata es de un *error* de estrategia legal y sabido es que los clientes, como regla general, responden por los errores de sus abogados. *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982); *Ramírez de Arellano v. Srio. de Hacienda*, 85 D.P.R. 823 (1962).

corrección. *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985); *Pueblo v. Tribunal Superior,* 104 D.P.R. 454, 459–460; *Rabell Martínez v. Tribunal Superior,* 101 D.P.R. 796, 799 (1973). La acción del Tribunal, inclusive, es *contraria* a la trillada norma jurisprudencial sobre "error perjudicial".

En síntesis, *no* existe razón jurídica alguna para —*automáticamente y sin una demostración de perjuicio específico sufrido por parte de la defensa*— dejar sin efecto, o anular, la determinación de causa probable que se hiciera en el presente caso. Al así decidir, la mayoría del Tribunal lo que está haciendo es *"premiando"* a un abogado que incumplió, *sin justificación alguna,* con su obligación ética de defender —conforme lo mejor de su experiencia, inteligencia y habilidades— a su cliente.[2] Dicho cliente, conforme nuestra jurisprudencia, es responsable, como regla general, de las consecuencias jurídicas de dicha actuación errónea e irresponsable. *Maldonado v. Srio. de Recursos Naturales,* ante; *Ramírez de Arellano v. Srio. de Hacienda,* ante.

---

[2] El abogado que así actúa, esto es, negándose temerariamente a cumplir con su deber ético de defender a un cliente puede, en nuestra opinión, ser encontrado *incurso en desacato* por el foro de instancia.