En el Tribunal Supremo de Puerto Rico

| EL PUEBLO DE PUERTO RICO Recurrido V. JOSE L. ORTIZ VEGA Y EUGENIO J. RODRIGUEZ GALINDO Peticionarios | Certiorari 99TSPR61 |
|---|---|

Número del Caso: CC-99-297

Abogados de la Parte Peticionaria: Lic. Roberto Alonso Santiago
Lic. Thomas Rivera Schatz
Lic. Carlos Peña Ramos
Lic. Angel M. González

Abogados de la Parte Recurrida: Hon. Carlos Lugo Fiol
Procurador General

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, San Juan

Juez del Tribunal de Primera Instancia: Hon. Lourdes V. Velázquez
Cajigas

Tribunal de circuito de Apelaciones: I – San Juan

Panel integrado por: Pres. Jueza Fiol Matta, la Juez Rodríguez de
Oronoz y el Juez González Román

Juez Ponente: Hon. Rodríguez de Oronoz

Fecha: 4/23/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Recurrido

        vs.                        CC-99-297         Certiorari

José L. Ortiz Vega y Eugenio
J. Rodríguez Galindo

    Demandado-Peticionario

RESOLUCION

San Juan, Puerto Rico, a 23 de abril de 1999.

Atendida la solicitud de certiorari y la moción en auxilio de jurisdicción presentadas en este caso, el Tribunal le concede a la parte recurrida hasta el lunes, 3 de mayo de 1999 a las 5:00 p.m. para que muestre causa, si alguna tuviere, por la cual no se deba revocar la resolución recurrida.

Se ordena la paralización de los procedimientos en el Tribunal de Primera Instancia, Sala de San Juan, hasta que otra cosa disponga este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García disiente y proveería no ha lugar en esta etapa de los procedimientos. El Juez Asociado señor Rebollo López emitió un voto concurrente al cual se unen el Juez Asociado señor Hernández Denton y el Juez Asociado señor Fuster Berlingeri.

                      Isabel Llompart Zeno
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                              CC-99-297       CERTIORARI

José L. Ortiz Vega,
Eugenio J. Rodríguez Galindo

    Acusados-peticionarios

VOTO CONCURRENTE EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ AL CUAL SE UNEN LOS JUECES ASOCIADOS SEÑOR HERNÁNDEZ DENTON Y SEÑOR FUSTER BERLINGERI

San Juan, Puerto Rico, a 23 de abril de 1999

Suscribimos y endosamos la determinación tomada en el presente caso por una mayoría de los integrantes del Tribunal concediéndole un término al Estado para mostrar causa por la cual este Tribunal no deba expedir el recurso de certiorari radicado, dictar Sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones en el mismo, y devolver el caso a Instancia para la celebración de una nueva vista preliminar; ello conforme lo solicitado por los peticionarios en el recurso radicado. Igualmente consideramos

correcta y necesaria la orden de paralización de los procedimientos a nivel de instancia, emitida por el Tribunal en el día de hoy.

**Hemos entendido procedente, sin embargo, expresarnos por separado; ello debido a la seriedad y gravedad de las imputaciones que se le hacen al Estado en el presente caso. Hacemos claro, sin embargo, que nuestras expresiones tienen como base las alegaciones hechas en el recurso de certiorari radicado por la representación legal de los acusados peticionarios, recalcando el hecho que la firma de un escrito por un abogado equivale a certificar que ha leído el mismo y que de acuerdo a su mejor conocimiento, información y creencia, dicho escrito es uno fundado. Véase: <u>In re: Silverio Orta</u>, 117 D.P.R. 14 (1986); Canon 17 de los Cánones de Etica Profesional.**

I

Las <u>alegaciones</u> que hacen los peticionarios --sobre la conducta observada por el Estado de <u>supuestamente</u> ocultar evidencia exculpatoria-- son serias y graves, las cuales, <u>de ser ciertas</u>, merecen no solo nuestro más enérgico repudio sino que, posiblemente, la desestimación de los cargos criminales radicados contra los peticionarios, ello como una medida ejemplarizante en evitación de similares transgresiones en el futuro.

Conforme alegan los peticionarios, en la ocultación de la evidencia exculpatoria <u>supuestamente</u> están involucrados no solo el fiscal auxiliar a cargo del caso, Lcdo. Rubén Guzmán, sino que el Fiscal de Distrito de San Juan, Lcdo. Emilio Aril, y el Subsecretario de Justicia de Puerto Rico, Lcdo. Edwin Vázquez. Si ello es cierto, <u>repetimos</u>, el foro judicial no puede permanecer con los brazos cruzados y hacerse de la vista larga. Hay que tomar cartas en el asunto.

Sobre todo, cuando consideramos que la evidencia, <u>alegadamente</u> ocultada por los referidos funcionarios, versa sobre manifestaciones hechas por el principal testigo de cargo que afectan seriamente la veracidad de la declaración jurada que éste prestara y que sirviera de base para radicar las acusaciones por el delito de asesinato en primer grado contra los aquí peticionarios.

Pero hay más. Tomamos conocimiento judicial del hecho que, en relación con los actos delictivos que hoy se le imputan a los aquí peticionarios, hace unos meses atrás y luego de una prolongada investigación, el Secretario de Justicia de Puerto Rico, Lcdo. José Fuentes Agostini, el Superintendente de la Policía de Puerto Rico, Lcdo. Pedro Toledo, y funcionarios del Negociado Federal de Investigaciones (F.B.I.) celebraron una conferencia de prensa en la cual anunciaron al País que estaban ordenando el archivo y sobreseimiento del caso por razón de que: estaban totalmente convencidos de que ningún adulto era responsable de la muerte de la infortunada niña que había perecido en el Complejo Recreativo El Escambrón el día 8 de junio de 1997; que todo había sido un lamentable accidente; y que el hermanito de la niña era testigo de ello.

Meses más tarde, de manera sorpresiva, se informó al País que los aquí peticionarios eran los verdaderos responsables de dicha muerte, siendo el principal testigo de cargo contra éstos Eliezer Santos Báez,

único testigo con alegado conocimiento personal de los hechos imputados.[1]

Las declaraciones conflictivas, que se alega ocultaron los funcionarios del Estado, son precisamente las de este testigo, prestadas las mismas ante agentes del orden público. Esto es, las personas que sostienen que este testigo hizo declaraciones negando lo expresado en la declaración jurada que sirvió de base para encausar a los aquí peticionarios no son sus familiares o amigos; son, repetimos, nada menos que funcionarios del orden público.

No estamos en disposición de permitir esta clase de actuación por parte del Departamento de Justicia y de la Policía de Puerto Rico. Sobre todo, no estamos en disposición de "hacernos de la vista larga" ante alegaciones de que funcionarios del Departamento de Justicia incumplieron con el deber que tienen de producir, inmediatamente, evidencia exculpatoria relativa a unos hechos delictivos. Véase: Brady v. Maryland, 373 U.S. 83, 1963.

Estas alegaciones de conducta impropia, de parte de estos funcionarios del Departamento de Justicia, tienen que ser esclarecidas, para bien, o para mal, de dicho Departamento. La reputación, credibilidad y buen nombre del Departamento de Justicia es extremadamente importante. La misma, actualmente, está en entredicho. Si algunos de sus funcionarios actuaron mal, éstos tienen que enfrentar las consecuencias.

## II

De ser ciertas las alegaciones antes mencionadas, somos del criterio que lo procedente en Derecho es, cuando menos, la desestimación de las acusaciones radicadas contra los aquí peticionarios; ello al amparo de las disposiciones del Inciso (p) de la Regla 64 de las Reglas de Procedimiento Criminal.

A tenor con la citada disposición reglamentaria, la defensa puede solicitar la desestimación de las acusaciones cuando exista ausencia total de prueba en cuanto a los elementos del delito y/o cuando la determinación de causa probable que se haga no es conforme a derecho.

Se configura una violación al debido proceso de ley sustantivo del acusado cuando a éste no se le provee la prueba exculpatoria. Brady v. Maryland, ante. Esto, independientemente de la buena o mala fe del Ministerio Público al negarse a proveer dicha prueba. Moore v. Illinois, 408 U.S. 786, 794-795 (1972); United States v. Ortiz-Miranda, 931 F. Supp. 85 (D. Puerto Rico, 1996). Hoy, acorde con la jurisprudencia del Tribunal Supremo Federal, no hay distinción entre el tipo de solicitud de descubrimiento que hizo la defensa, esto es, sea una solicitud general o específica; el Estado viene en la obligación de descubrir la prueba exculpatoria. United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419, 433 (1995).

Nótese que la prueba exculpatoria en este caso es neurálgica. En las declaraciones que, alegadamente, fueron escondidas por el Estado, el "testigo estrella" reveló que no tenía conocimiento personal de los hechos que se le imputan a los peticionarios; esto es, que él no presenció la muerte de la víctima. Si ello es así, la determinación de causa probable para acusar, realizada a nivel de vista preliminar, es contraria a derecho; procediendo, cuando menos, la devolución del caso a vista preliminar para la celebración de una nueva vista, ello conforme lo solicitado por los peticionarios en el recurso que radicaran.

En nuestra humilde opinión entendemos que la prueba ocultada, oportunamente solicitada por la defensa a través de la Regla 95 de Procedimiento Criminal, es lo suficientemente significativa como para

---

[1] **Ahora, conforme las acusaciones radicadas, resulta ser que la niña fue estrangulada. ¿Cómo puede, entonces, haberse dicho que lo que había ocurrido fue un lamentable accidente? ¿En manos de quién está el aparato investigativo del Estado?**

violentar los derechos constitucionales de los acusados[2]. Entre estos, y sólo para mencionar algunos: el derecho a gozar de una adecuada representación legal; a confrontarse con la prueba de cargo y el derecho a una adecuada asistencia de abogado[3]. Esto ante la sencilla razón de que les era imprescindible la prueba exculpatoria que no fue entregada a la defensa.

No basta con que se entregue en la vista preliminar, luego de que el testigo declare, copia de la declaración jurada que éste prestó[4], de manera oficial, ante el ministerio fiscal sino que, también, toda la prueba exculpatoria con que cuente el Estado. Sólo de esta forma podrá determinarse causa probable conforme a Derecho. Véase: <u>Pueblo</u> v. <u>Rivera Rodríguez</u>, Opinión y Sentencia de 31 de marzo de 1995.

Recalcamos el hecho que de haberse entregado la prueba exculpatoria, a nivel de vista preliminar, la defensa <u>podría</u> haber demostrado que el testigo principal de cargo no tenía conocimiento personal de los hechos. Esto no es una cuestión de credibilidad sino ausencia de causa probable conforme a derecho. En fin, somos del criterio que hay que investigar, a fondo y de manera minuciosa, estas alegaciones no sólo con el propósito de que se esclarezca la verdad y se le haga justicia a los peticionarios sino que por el buen nombre y reputación del Departamento de Justicia de Puerto Rico.

Es por ello que concurrimos con la acción hoy tomada por la mayoría del Tribunal.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

[2] **El estándar requerido es "probabilidad razonable". <u>United States</u> v. <u>Bagley</u>, ante. En el caso de autos, a nuestro juicio, se satisface en exceso dicho parámetro.**

[3] **Nótese que aquí la falta de adecuada representación es producto de la alegada acción del Estado. Debe recordarse que, para los abogados litigantes, el medio óptimo en la busqueda de la verdad lo es el contrainterrogatorio. Si la defensa no cuenta con la prueba exculpatoria ¿cómo contrainterrogar adecuadamente?**

[4] **<u>Pueblo en interés del menor A.L.R.G. y otro</u>, Opinión y Sentencia de 16 de marzo de 1993.**