EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Noel Rosario Matos, etc.<br><br>Recurridos | Certiorari<br><br>2004 TSPR 3<br><br>160 DPR \_\_\_\_ |
| --- | --- |

Número del Caso: CC-2003-102

Fecha: 13 de enero de 2004

Tribunal de Circuito de Apelaciones:
Circuito Regional V

Juez Ponente:
Hon. Guillermo Arbona Lago

Oficina del Procurador General:
Lcdo. Roberto J. Sánchez Ramos
Procurador General

Lcdo. Héctor Clemente Delgado
Subprocurador General Interino

Abogados de la Parte Recurrida:
Lcdo. José Antonio Ralat Pérez
Lcda. Zinia I. Acevedo Sánchez

Materia: Asesinato en Primer Grado y Ley de Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario


      vs.                       CC-2003-102      Certiorari

Noel Rosario Matos, Etc.

    Recurridos


Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.


San Juan, Puerto Rico, a 13 de enero de 2004.


Tenemos la ocasión para precisar el alcance del descubrimiento de prueba en la vista preliminar para determinar causa probable para acusar, en lo relativo a las declaraciones juradas de testigos de cargo prestadas ante funcionarios federales.


I

Por hechos ocurridos el 10 de agosto de 1991, el Ministerio Público presentó las denuncias correspondientes por asesinato en primer grado e infracciones a la Ley de Armas contra los recurridos, Noel Rosario Matos, Nieves Ramos Hernández, Heriberto Vega Montes y Billy Rodríguez Martínez. Luego de la determinación de causa

probable para el arresto, el 16 de agosto de 2002 se comenzó la celebración de la vista preliminar para la acusación en el Tribunal de Primera Instancia, Sala de Ponce. El Ministerio Público presentó como testigo de cargo a Edwin Meléndez Negrón, y después de concluir el interrogatorio directo, se le entregó a la defensa de los imputados una copia de la declaración jurada prestada por el testigo.

El abogado de uno de los imputados le preguntó al testigo si había prestado alguna otra declaración jurada ante otros funcionarios en relación con los hechos que eran objeto de la vista preliminar. El testigo contestó que había declarado ante un gran jurado federal y también en una vista en el tribunal federal en un caso vinculado con el de autos.

Ante tal respuesta del testigo, el abogado de la defensa le solicitó al tribunal de instancia que le ordenara al Ministerio Público entregarle copia de las referidas declaraciones prestadas en la jurisdicción federal. El Ministerio Público se opuso.

El foro de instancia denegó inicialmente la referida solicitud de la defensa y ordenó la continuación de los procedimientos; pero después de un receso, la defensa reiteró su planteamiento y el tribunal reconsideró su decisión. Ordenó al Ministerio Público que entregara a la defensa copia de las declaraciones prestadas por el testigo de cargo en la jurisdicción federal, y suspendió los procedimientos para que el Ministerio Público cumpliera con la orden.

Lo anterior dio lugar a que el Procurador General de Puerto Rico acudiera en *certiorari* ante el Tribunal de Circuito de Apelaciones. Éste dispuso la paralización de los procedimientos y le ordenó a los imputados que mostraran causa, por la cual no se debía expedir el auto de *certiorari* y revocar la resolución recurrida. Después de la comparecencia de todas las partes, el Tribunal de Circuito de Apelaciones emitió una sentencia el 30 de diciembre de 2002 mediante la cual expidió el auto solicitado y confirmó la resolución recurrida.

Entonces el Procurador General recurrió ante nos y planteó lo siguiente:

> Erró el Tribunal de Circuito de Apelaciones al resolver que la disposición en la Regla 23(c) de las de Procedimiento Criminal –que "al ser requerido para ello el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviera en su poder de los testigos que haya puesto a declarar en la vista"– incluye declaraciones prestadas por esos testigos en la jurisdicción federal, cuando el Ministerio Público no tiene en su poder dichas declaraciones ni puede obligar al gobierno federal a entregarlas.

El 11 de abril de 2003 expedimos el recurso de certiorari solicitado por el Procurador General a fin de revisar la sentencia dictada por el foro apelativo el 30 de diciembre de 2002. El Procurador General presentó su alegato el 30 de mayo de 2003, y la parte recurrida presentó el suyo el 30 de junio de 2003.

Pasamos a resolver.

II

Como se sabe, en nuestro ordenamiento procesal penal, la vista preliminar tiene el propósito de evitar que se someta a una persona en forma arbitraria e injustificada a los rigores de un proceso criminal. Pueblo v. Ortiz, Rodríguez, 149 D.P.R. 363 (1999); Pueblo v. Vega Rosario, 148 D.P.R. 980 (1999); Pueblo v. Andaluz Méndez, 143 D.P.R. 656 (1997); Pueblo v. Rivera Rodríguez, 138 D.P.R. 138 (1995); Pueblo v. López Camacho, 98 D.P.R. 700 (1970). Mediante la celebración de tal vista preliminar no se pretende establecer la culpabilidad o inocencia del imputado, sino averiguar, mediante un procedimiento adversativo, si el Estado tiene suficiente prueba para continuar con el proceso judicial. Pueblo v. Rivera Rodríguez, supra; Vocero de P.R. v. E.L.A., 131 D.P.R. 356 (1992); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985). Por ello, dicha vista preliminar gira en torno sólo a la determinación de si hay causa probable para creer que se ha cometido un delito y de que éste haya sido cometido por el imputado.

La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que en la referida vista preliminar el imputado "podrá contrainterrogar los testigos en su contra y ofrecer prueba a su favor". Hemos interpretado esta disposición para reconocer que en dicha vista preliminar el imputado tiene derecho a contrainterrogar los testigos presentados por el fiscal y presentar prueba de defensa para tratar de derrotar

la probabilidad de que se haya cometido el delito imputado o la de que el imputado fue el autor de éste. Es decir, el imputado tiene derecho a demostrar lo contrario a lo que haya intentado probar el Ministerio Público. Pueblo v. Ortiz Vega, *supra*; Pueblo v. Padilla Flores, 127 D.P.R. 698 (1991); Pueblo v. Vélez Pumarejo, 113 D.P.R. 349 (1982).

Para hacer viable que el imputado tenga la oportunidad de demostrar que la imputación en su contra es infundada, el inciso (c) de la Regla 23 de Procedimiento Criminal dispone que al ser requerido por la defensa, el Ministerio Público debe poner a su disposición las declaraciones juradas **que tenga en su poder** de aquellos testigos que hayan declarado en la vista. Este derecho se activa cuando, luego de que el testigo haya declarado, medie una solicitud de la defensa para que se le entreguen las declaraciones de dicho testigo que estén en poder del Ministerio Público. El imputado tiene derecho a obtener estas declaraciones durante la vista una vez finaliza el interrogatorio directo y antes de comenzar el contrainterrogatorio. Pueblo v. Rivera Rodríguez, *supra*; Pueblo v. Ribas, 83 D.P.R. 386 (1961).

Ya antes hemos precisado qué significa la parte de la Regla 23(c) de Procedimiento Criminal que ordena al Ministerio Público poner a disposición de la defensa **"las declaraciones juradas que tuviere en su poder"**. En Pueblo v. Rivera Rodríguez, *supra*, resolvimos que el Ministerio Público tiene la obligación de entregar las declaraciones juradas de los testigos de cargo que declaren si esas están

**bajo su posesión directa o constructiva**. A ese respecto
expresamos que:

> Esto implica que tienen que entregar tanto las
> declaraciones **que estén bajo su control** o tenencia
> física en su oficina o del lugar del trabajo o las
> que él conozca que se encuentran en otra
> dependencia del Ministerio Público, **como las que
> razonablemente se puedan considerar que estén bajo
> su control indirecto y que él no sólo tenga
> conocimiento de su existencia sino que también
> pueda obtener**. A tenor con esta normativa, si se
> acepta o se demuestra que el Ministerio Público
> tomó declaraciones juradas del testigo del testigo
> de cargo presentado en la vista preliminar
> relacionadas con los hechos del delito imputado, es
> también razonable que se presuma que el Estado ha
> continuado "en poder"de éstas. Para rebatir esta
> presunción, el Fiscal tiene la obligación de
> demostrar –mediante prueba– que las declaraciones
> no están en su poder y de acreditar las gestiones
> que ha realizado para localizar y producir el
> documento. (Énfasis suplido).

### III

En el caso de autos, el Tribunal de Circuito de
Apelaciones extendió la norma transcrita antes sobre la
**posesión constructiva** a las declaraciones juradas prestadas
por el testigo de cargo ante el gran jurado federal y ante
el tribunal federal. Apoyó su dictamen en que los sistemas
de procesamiento criminal federal y estatal "coexisten
dentro de una relación bilateral de contribución y ayuda
mutua que se acentúa cuando se trata de la persecución de
una misma actividad delictiva, como aquí se aduce...". Erró
al resolver así. Veamos.

El referido dictamen del foro apelativo, que tiene el
efecto de incluir en la norma establecida en <u>Pueblo v.
Rivera Rodríguez</u>, *supra*, las declaraciones juradas tomadas

por los fiscales o funcionarios federales **y que están en poder de éstos**, no tiene apoyo alguno en el ordenamiento jurídico vigente. Ello es así porque la jurisdicción federal es enteramente separada y distinta a la del Estado Libre Asociado de Puerto Rico, al menos en la zona de justicia criminal. Pueblo v. Castro García, 120 D.P.R. 740 (1988). Más aun, es evidente que lo dispuesto en la Regla 23(c) de Procedimiento Criminal de Puerto Rico no obliga jurídicamente a los fiscales o funcionarios federales. Su ámbito de vigencia sólo alcanza a la jurisdicción del Estado Libre Asociado de Puerto Rico. Por todo lo anterior, no puede estimarse de ningún modo que unas declaraciones juradas prestadas ante entidades o funcionarios federales y que estén bajo el control de éstos, se encuentren en la **posesión constructiva** del Ministerio Público de Puerto Rico. No importa que el Ministerio Público de Puerto Rico sepa que existen y pueda pedírseles a los funcionarios federales. Tales declaraciones juradas no son producto de la autoridad jurídica del Estado Libre Asociado de Puerto Rico y por ende no están sometidas a lo dispuesto en la Regla 23(c) de Procedimiento Criminal de Puerto Rico.

Ahora bien, si en virtud de algún acuerdo de cooperación entre funcionarios federales y del Estado Libre Asociado de Puerto Rico resulta que el Ministerio Público o algún otro funcionario de Puerto Rico ha venido en posesión de declaraciones juradas prestadas ante miembros o entidades del gobierno federal, o copias de ellas, y las tienen

autorizadamente en su poder, entonces el Ministerio Público de Puerto Rico viene obligado a ponerlas a disposición del imputado que las solicita. En tales circunstancias sería claramente aplicable lo dispuesto sobre el particular en la Regla 23(c) de Procedimiento Criminal, según lo interpretamos en Pueblo v. Rivera Rodríguez, *supra*.

## IV

A tenor con lo pautado en el acápite anterior, y en vista de que las declaraciones solicitadas por la parte imputada no estaban en poder del Ministerio Público ni de ningún funcionario del Estado Libre Asociado de Puerto Rico, procede que se dicte una sentencia para revocar los dictámenes del foro apelativo y del foro de instancia en el caso de autos. Se devolverá el caso al foro de instancia para que continúen allí los procedimientos, conforme a lo aquí resuelto.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      vs.                     CC-2003-102
Certiorari

Noel Rosario Matos, Etc.

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 13 de enero de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revocan los dictámenes del Tribunal de Apelaciones y del Tribunal de Primera Instancia en el caso de autos.

Se devuelve el caso al foro de instancia para que continúen allí los procedimientos, conforme a lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Corrada del Río y Rivera Pérez concurren sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo