CC-2000-419                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>    Peticionario<br><br>            v.<br><br>Jayson Rodríguez López<br>    Recurrido | Certiorari<br><br>2001 TSPR 172<br><br>155 DPR \_\_\_\_ |

Número del Caso: CC-2000-419


Fecha: 14/diciembre/2001


Tribunal de Circuito de Apelaciones:
                        Circuito Regional V


Juez Ponente:
                Hon. Ramón Negrón Soto


Oficina del Procurador General:
                        Hon. Gustavo A. Gelpí
                        Procurador General


Abogada de la Parte Recurrida:
                        Lcda. Carmen Ana Rodríguez Maldonado


Materia: Asesinato, Robo y Armas


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       vs.                         CC-2000-419        Certiorari

Jayson Rodríguez López

    Recurrido

**Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton**

San Juan, Puerto Rico, a 14 de diciembre de 2001.

En el caso de autos se nos plantea la interrogante de si el imputado de delito grave tiene derecho a obtener copia de las declaraciones juradas de los testigos que fueron examinados durante la vista de causa probable para el arresto, antes de que los testigos se sienten a declarar en vista preliminar o en el juicio en su fondo. Resolvemos que a la luz de nuestro ordenamiento procesal no le asiste tal derecho en esa etapa de los procedimientos.

I

Contra Jayson Rodríguez López (en adelante "el imputado") se presentaron denuncias por los delitos de Asesinato en Primer Grado,[1] Robo,[2] y violación a los Artículos 6 y 8 de la Ley de Armas.[3]  Durante la vista de causa probable para el arresto, el juez municipal, Hon. Jorge Núñez Burgos, interrogó a los cuatro testigos de cargo.  El fiscal no estuvo presente durante dicha vista.  La representación legal del imputado contrainterrogó a cada uno de los testigos. Al realizar el contrainterrogatorio, la defensa solicitó copia de las declaraciones juradas de los testigos de cargo presentados. Sin embargo, las mismas no estaban disponibles. Luego del trámite de rigor, se determinó causa probable y se señaló fecha para vista preliminar.

Previo a la celebración de la vista preliminar, la defensa presentó una moción al amparo de la Regla 95 de las de Procedimiento Criminal, 34 L.P.R.A. AP. II, R.95, solicitando, entre otras cosas, las declaraciones juradas de los testigos que declararon en la vista de causa probable para el arresto. La defensa argumentó que como tenía derecho a contrainterrogar a los testigos de cargo, la Regla 6 y la Regla 95 de las de Procedimiento Criminal, 34 L.P.R.A., Ap. II, R.6 y 95, y nuestra jurisprudencia le garantizaban el descubrimiento solicitado. El Ministerio Público se opuso indicando que el imputado no tenía derecho a las declaraciones juradas solicitadas. El

---

[1] Artículo 83 del Código Penal, 33 L.P.R.A. sec. 4002.
[2] Artículo 173 del Código Penal, 33 L.P.R.A. sec. 4279.

Tribunal de Instancia acogió la solicitud de la defensa y le ordenó al Ministerio Público que entregara las declaraciones juradas de los testigos que fueron examinados durante la vista de causa probable para el arresto. Oportunamente, el Ministerio Fiscal presentó recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Por su parte, el foro apelativo confirmó la orden del tribunal de instancia. Inconforme, el Ministerio Público acude ante nos. Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

## II.

Antes de pasar a discutir la controversia que se nos plantea, valga hacer ciertas observaciones en cuanto a los cambios que ha sufrido el procedimiento de vista de causa probable para el arresto, Regla 6 de las de Procedimiento Criminal, *supra*, aquí en cuestión.

En su origen, las Reglas de Procedimiento Criminal disponían que la determinación de causa probable para el arresto debía hacerse mediante la presentación de una denuncia jurada ante un magistrado. Cuando el denunciante era una persona particular, tenía que tener conocimiento personal de los hechos. Ahora, si el denunciante era un policía o ciertos funcionarios públicos, la denuncia podía estar fundamentada en hechos que le constaran por información y creencia. No obstante, aún en dicho caso el magistrado tenía que examinar a algún testigo que tuviera conocimiento personal de los hechos. Regla

---

[3] 25 L.P.R.A. sec. 416 y 418.

5 y 6 de las de Procedimiento Criminal de 1963, Decisiones de Puerto Rico, Tomo 84.

Posteriormente, se creó una nueva modalidad para la determinación de causa probable para el arresto. Se dispuso, que el magistrado también podría determinar causa probable para arresto al examinar bajo juramento a algún testigo o testigos con conocimiento personal de los hechos, sin necesidad de que se presentara una denuncia. Particularmente se proveyó que, al determinarse causa probable para arresto siguiendo esta nueva modalidad, el imputado tendría derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor. El efecto fue crear una especie de "vista preliminar híbrida", de carácter adversativo, que pudiese sustituir la vista preliminar dispuesta en la Regla 23 de las de Procedimiento Criminal. Ley Núm. 29 de junio de 1987, Leyes de Puerto Rico, 1987, pág. 98, 99-100.

Después de la correspondiente determinación de causa probable para arresto, las Reglas de Procedimiento Criminal de 1963 ordenaban la celebración de una vista de causa probable para acusar –vista preliminar– en todo caso en que se imputara la comisión de delito grave. En cambio, a tenor con el nuevo esquema procesal propuesto en 1987, la celebración de la vista preliminar sólo sería necesaria cuando se imputara la comisión de un delito grave y el magistrado que presida la vista de causa probable para arresto no hubiese examinado algún testigo con conocimiento personal de los hechos o cuando se determinó causa

en ausencia del imputado o estando éste presente, pero sin representación legal. Es decir, cuando la determinación de causa probable para arresto se hiciera mediante el examen de testigo, en presencia del imputado y su representación legal, no sería necesaria la celebración de una vista preliminar. Ley Núm. 29 de 1987, *supra*; Pueblo v. Rivera y Rodríguez, 122 D.P.R. 862, 875 (1988).

Para complementar la reforma procesal de 1987, se enmendó la Regla 95, *supra*, para disponer, entre otras cosas, que después de radicada la acusación el acusado tendría derecho a las declaraciones juradas de los testigos de cargo que hayan testificado en la "vista híbrida" de causa probable para el arresto. Por el contrario, si la vista de determinación de causa probable para el arresto se realizaba sin examinar testigos con conocimiento personal de los hechos, sino mediante el examen de la denuncia y/o declaraciones juradas, la referida disposición de la Regla 95 no era aplicable. Ley Núm. 58 de 1 de julio de 1988, Leyes de Puerto Rico, 1988, pág. 288; véase además: Diario de Sesiones de la Cámara de Representantes de 12 de mayo de 1988, págs. 58-59; Ernesto L. Chiesa Aponte, Procedimiento Penal, 68 Rev. Jur. U. P. R. 241, 244 (1999).

Esta reforma al ordenamiento procesal tenía el propósito de proveerle a la vista de determinación de causa probable para arresto un carácter adversativo, de manera que la celebración de vista preliminar se hiciera innecesaria y se agilizara el proceso judicial de las acciones criminales. Sin embargo, los

resultados no fueron los esperados. El efecto práctico era que el imputado de delito grave no comparecía a la vista de determinación de causa probable para arresto, o si lo hacía, comparecía sin abogado. Esto con el fin de resguardar su derecho a vista preliminar.  Exposición de Motivos, Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, 1990, pág. 1503.

Así las cosas, en el 1990 mediante la Ley Núm. 26, *supra*, la Asamblea Legislativa reinstaló el esquema procesal vigente previo a las enmiendas de 1987. Se volvió a reconocer el derecho del imputado a la celebración de una vista preliminar en todo caso de delito grave, independientemente de si el sospechoso estuvo presente y representado por abogado o si se presentaron testigos con conocimiento personal de los hechos en la determinación de causa probable para el arresto. A pesar de la clara intención de la Asamblea Legislativa de reinstalar el esquema procesal vigente anterior a 1987, los derechos que se reconocieron en la determinación de causa probable para arresto bajo el esquema procesal que ahora se derogaba, inexplicablemente no fueron eliminados.[4] Se ha sugerido que dicha omisión se debió a una inadvertencia del legislador. Chiesa, Procedimiento Penal, *supra*, pág. 247.

El derecho del imputado a contrainterrogar los testigos en su contra y a presentar prueba a su favor en la vista para la determinación de causa probable para el arresto fue introducido por la Ley Núm. 29 de 1987, *supra*, como parte esencial del

esquema para eliminar la vista preliminar en ciertos casos. Eliminado tal esquema, debió de eliminarse la referida disposición del texto de la Regla 6 de las de Procedimiento Criminal, *supra*. Ernesto L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Bogotá, Ed. Forum, Vol. III, Sec. 21.3, pág. 26.

### III.

Pasemos ahora a determinar si las Reglas de Procedimiento Criminal o la jurisprudencia reconocen el derecho al imputado a obtener las declaraciones juradas de testigos cuando estos no han testificado en una de las etapas centrales del procedimiento criminal, como vista preliminar o juicio.

**Anteriormente hemos reiterado el derecho que tiene el imputado a obtener las declaraciones juradas de los testigos de cargo que hayan declarado en vista preliminar, una vez finaliza el examen directo y antes de comenzar el contrainterrogatorio. Así lo dispone expresamente el inciso (c) de la Regla 23 de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, R.23(c). <u>Pueblo v. Ortiz Vega</u>, res. el 8 de octubre de 1999, 99 T.S.P.R. 150; <u>Pueblo v. Rivera Rodríguez</u>, 138 D.P.R. 138, 144 (1995); <u>Pueblo v. Ribas</u>, 83 D.P.R. 386, 391-392. Igualmente, después de radicado el pliego acusatorio, el acusado de delito grave tiene derecho a solicitar del Ministerio Público las declaraciones juradas**

---

[4] La Ley 26 de 1990 revirtió el texto de la Regla 23 a su estado anterior a la enmienda de 1987, sin embargo, en cuanto a la Regla 6 no se hizo lo propio.

de los testigos que se sentaron a declarar en la vista adversativa de determinación de causa probable para arresto o citación, en la vista preliminar, si ya no las tiene, en el juicio o que fueron renunciados por el Ministerio Público. Regla 95 de las de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, R.95(a)(2). *Pueblo v. Rivera Rodríguez*, *supra*; *Pueblo v. Ribas*, *supra*.

Como vemos, las Reglas de Procedimiento Criminal sólo reconocen al imputado acceso a las declaraciones juradas de los testigos de cargo en la vista preliminar misma o después de radicada la acusación, si los testigos declararon en vista de causa probable para arresto, vista preliminar o juicio o fueron renunciados por el Fiscal. En cualquier otro caso, para que la defensa tenga acceso a las declaraciones juradas de los testigos de cargo tiene que sustentar su solicitud en el debido proceso de ley. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, *supra*, sec. 28.2, pág. 329.

Por otro lado, anteriormente nos hemos expresado en cuanto al derecho del imputado a obtener declaraciones juradas de los testigos de cargo presentados a nivel de vista de causa probable para el arresto, antes de que declaren en vista preliminar o en el juicio en su fondo. En *Pueblo v. Rivera Rivera*, res. el 21 de abril de 1998, 98 T.S.P.R. 46, sostuvimos que el imputado de un delito grave no tiene derecho a obtener copia de las declaraciones juradas que sirvieron de base para la determinación de causa probable para el arresto, antes de que

los testigos se sientan a declarar por primera vez en vista preliminar o en el juicio en su fondo. En esa ocasión, resolvimos que el imputado tendría que aguardar al momento en que los testigos se sientan a declarar en vista preliminar o en el juicio para obtener sus declaraciones juradas.

En el caso de autos procede llegar al mismo resultado que en Rivera Rivera, *supra*. A diferencia de lo que estima la defensa, el presente caso no amerita un resultado distinto a la luz de lo explicado anteriormente con respecto al origen del texto de la Regla 6 y el derecho que se invoca aquí por el imputado.

Del análisis anterior se desprende que ni las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa reconocen el derecho del acusado a obtener las declaraciones juradas de los testigos presentados en la vista de determinación de causa probable para el arresto, antes de que los testigos declaren por primera vez en vista preliminar o se radique el pliego acusatorio.

IV.

El derecho que la Regla 6 de las de Procedimiento Criminal, *supra*, le consagra al imputado a estar presente, asistido de abogado, contrainterrogar a los testigos en su contra y ofrecer prueba a su favor durante la celebración de la vista de causa probable no es absoluto. La vista de causa probable para arresto puede, y como norma general, se celebra en ausencia del imputado de delito. Asimismo, el derecho del imputado a

contrainterrogar a los testigos en su contra a nivel de causa probable para arresto depende de la discreción del tribunal. Pueblo v. Jiménez Cruz, res. el 17 de junio de 1998, 98 T.S.P.R. 76. Por lo tanto, la referida disposición no debe resultar en la conclusión de reconocerle al imputado un derecho a descubrir prueba en una etapa tan temprana de los procedimientos como Regla 6.

De igual forma, contrario a lo que estima la defensa, el caso de Pueblo v. Rivera Rivera, *supra*, no le reconoce al imputado el derecho a obtener las declaraciones juradas de los testigos en su contra que sean examinados en la vista de causa probable para el arresto, antes de que declaren en vista preliminar o en el juicio. En el referido caso, citando la Regla 95 de las de procedimiento Criminal, *supra*, reconocimos que después de radicada la acusación, el acusado tiene derecho a obtener las declaraciones juradas de los testigos de cargo que declaren en la vista de determinación de causa probable para el arresto. El acceso a estas declaraciones juradas al amparo de la Regla 95, procede si la determinación de causa probable para arresto se hace en presencia el acusado y representado por abogado, siguiendo el método más formal que reconocen las Reglas de Procedimiento Criminal para la determinación de causa probable para el arresto.

En la situación particular ante nos, el imputado solicita acceso a las declaraciones juradas de los testigos de cargo que declararon en una vista adversativa de determinación de causa

probable para el arresto, antes de que se radique el pliego acusatorio. Ciertamente, el imputado tiene derecho a la información solicitada pero no en esta etapa de los procedimientos, sino después de radicado el pliego acusatorio al amparo de la Regla 95 de las de Procedimiento Criminal, *supra*, a menos, que los mismos testigos se presenten en vista preliminar.

La determinación que hacemos hoy en este caso, refleja nuestra preocupación por velar de forma cautelosa para que la vista de causa probable para el arresto no se convierta en otra vista preliminar o en un mini-juicio. De todas formas, el remedio solicitado está disponible en la etapa de vista preliminar; ese es el momento más oportuno para que el imputado procure impugnar y contrainterrogar a los testigos en su contra. No nos corresponde alterar el esquema procesal de vista de causa probable para arresto, vista preliminar y juicio; cada uno con sus particulares procedimientos y derechos. Adoptar una norma liberal en este caso, como pretende el imputado, conllevaría como resultado práctico duplicar la vista preliminar. Esto resultaría en detrimento de la agilidad que debe prevalecer en la etapa de Regla 6 y desnaturalizaría el carácter de la vista preliminar, convirtiéndola en un auténtico mini-juicio, situación expresamente repudiada por nuestra jurisprudencia. Pueblo v. Rivera Rivera, *supra*; Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985); Pueblo v. Figueroa Castro; 102 D.P.R. 279 (1975).

Se dictará la Sentencia correspondiente.

Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       vs.                CC-2000-419       Certiorari

Jayson Rodríguez López

    Recurrido

## SENTENCIA

San Juan, Puerto Rico, a 14 de diciembre de 2001.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso al foro de instancia para ulteriores procedimientos conforme a lo aquí resuelto.

      Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo