EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>   Peticionario<br><br>        v.<br><br>Markus R. Irizarry Quiñones, Ismael Cintrón Rosario, Remy Montalvo Nieves<br><br>   Recurridos | CC-2001-780 | Certiorari<br><br>2003 TSPR 160<br><br> 160 DPR _____ |
| El Pueblo de Puerto Rico<br><br>   Peticionario<br><br>        v.<br><br>Henry Aponte Rosado<br><br>   Recurrido | CC-2001-790 | |
| El Pueblo de Puerto Rico<br><br>   Peticionario<br><br>        v.<br><br>Remy Montalvo Nieves<br><br>   Acusado-recurrido | CC-2002-660 | |

Fecha: 5 de noviembre de 2003

**Número del Caso: CC-2001-780**

Tribunal de Circuito de Apelaciones:
                    Circuito Regional V

Juez Ponente:
                    Hon. Mildred G. Pabón Charneco

Oficina del Procurador General:
                    Lcdo. Roberto J. Sánchez Ramos
                    Procurador General

                    Lcda. Rose Mary Corchado Lorent
                    Procuradora General Auxiliar

Abogados de la Parte Recurrida:
                    Lcdo. Carlos R. Padilla Montalvo
                    Lcdo. Ramón A. Hernández Rivera


**Número del Caso: CC-2001-790**

Tribunal de Circuito de Apelaciones:
                    Circuito Regional V

Juez Ponente:
                    Hon. German J. Brau Ramírez
Oficina del Procurador General:
                    Lcda. Rose Mary Corchado Lorent
                    Procuradora General Auxiliar

Abogado de la Parte Recurrida:
                    Lcdo. Edwin H. Flores Sellés


**Número del Caso: CC-2002-660**

Tribunal de Circuito de Apelaciones:
                    Circuito Regional V

Juez Ponente:
                    Hon. German J. Brau Ramírez

Oficina del Procurador General:
                    Lcda. Iris M. Barreto Saavedra
                    Procuradora General Auxiliar

                    Lcdo. Roberto J. Sánchez Ramos
                    Procurador General

Abogado de la Parte Recurrida:
                    Lcdo. Carlos R. Padilla Montalvo


Materia: Procedimiento de Regla 6 para obtener orden de arresto y Art. 401 Ley de Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Markus R. Irizarry Quiñones,<br>Ismael Cintrón Rosario,<br>Remy Montalvo Nieves<br><br>    Recurridos | Núm. CC-2001-780  CERTIORARI |
| ---------------------- | |
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Henry Aponte Rosado<br><br>    Recurrido | Núm. CC-2001-790  CERTIORARI |
| -------------------------- | |
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Remy Montalvo Nieves<br><br>    Acusado-recurrido | Núm. CC-2002-660  CERTIORARI |

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ PRESIDENTE INTERINO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 5 de noviembre de 2003

¿Prohíbe la Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.6, que el magistrado que determina causa probable para el arresto se base, exclusivamente, en las declaraciones juradas sometidas con la denuncia en situaciones en las cuales el imputado de delito grave asiste a la vista representado por abogado? ¿Tiene derecho el imputado de delito grave a obtener copia de tales declaraciones juradas en esa etapa de los

procedimientos y previo a que dichos testigos se sienten a declarar por primera vez? Respondemos en la negativa. Veamos por qué.

I

Este Tribunal consolidó los recursos de epígrafe por presentar cuestiones de hecho y derecho similares, en particular, por estar relacionados con el procedimiento para determinar causa probable para el arresto bajo las disposiciones de la Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.6. A continuación, exponemos una síntesis de los hechos fundamentales de los casos de epígrafe.

A. Pueblo v. Irizarry Quiñones y otros, CC-2001-780 y Pueblo v. Montalvo Nieves, CC-2002-660

El ministerio público autorizó la presentación, ante el Tribunal de Primera Instancia, Sala Superior de Ponce, de quince denuncias contra Markus R. Irizarry Quiñones, de las cuales nueve fueron por actos lascivos e impúdicos,[1] cinco por exhibición de material nocivo a menores[2] y una por amenaza a testigos.[3] Los cargos por actos lascivos y

---

[1] Artículo 105 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4067.

[2] Artículo 115A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4077a.

[3] Artículo 239A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4435a.

exhibición de material nocivo fueron alegadamente cometidos contra varios menores de catorce (14) años. Por otro lado, se presentaron ante el mismo foro judicial tres denuncias contra Ismael Cintrón Rosario por la alegada comisión de varios actos lascivos e impúdicos contra una menor de catorce (14) años. En cuanto a Remy Montalvo Nieves, se presentó una denuncia por la alegada comisión del delito de violación técnica contra una menor de doce (12) años de edad. Las referidas denuncias contra los tres imputados fueron sometidas en distintas fechas ante la Juez Municipal Elba Santiago en la Sala de Investigaciones de Ponce.[4]

El día de la vista para la determinación de causa probable para el arresto, <u>los imputados comparecieron debidamente representados por sus respectivos abogados</u>. Las denuncias fueron sometidas por agentes de la División de Delitos Sexuales, quienes habían realizado las investigaciones. Éstos indicaron al tribunal que los casos serían sometidos mediante declaraciones juradas de los agentes que habían efectuado la investigación y las declaraciones juradas de las alegadas víctimas; ello por instrucciones del fiscal que había autorizado la presentación de los casos ante el foro judicial y quien

---

[4] En el caso del imputado Cintrón Rosario la Juez Elba Santiago decidió no intervenir en el mismo y fue sometido ante la Juez María Soledad Gil perteneciente también a la Sala de Investigaciones de Ponce.

entendía procedente que éstas no declararan personalmente en esa etapa del procedimiento.

Los representantes legales de los imputados se opusieron a que los casos fueran sometidos, exclusivamente, a través de declaraciones juradas alegando que los acusados tenían derecho a contrainterrogar a las víctimas. El tribunal de instancia se negó a celebrar las vistas de determinación de causa probable para el arresto exclusivamente a base del examen de las mencionadas declaraciones juradas, requiriendo del ministerio público, además, la comparecencia personal de las alegadas víctimas a la vista con el propósito de que fueran contrainterrogadas por los imputados.

Inconforme con dichas determinaciones, el Procurador General presentó tres recursos de *certiorari* ante el Tribunal de Circuito de Apelaciones, los cuales fueron consolidados por dicho foro judicial. En dichos recursos se señaló que el tribunal de instancia había errado "al requerir la comparecencia de la víctima menor de edad para que declarara en el procedimiento de determinación de causa probable para el arresto, a pesar de que en dicha etapa la Regla 6 de Procedimiento Criminal dispone que la determinación de causa probable se puede hacer a base de declaraciones juradas sometidas con la denuncia y no requiere la comparecencia personal de testigos."

Luego de concedido un término para que los imputados mostraran causa por la cual no debía expedirse el recurso

solicitado, el 31 de agosto de 2001, el foro intermedio apelativo acogió los recursos como mandamus y dictó sentencia. En la misma, en síntesis, resolvió que cuando el ministerio público opta por someter su caso para determinar causa probable para el arresto, en presencia del imputado, no puede descansar únicamente en las declaraciones juradas de los testigos o alegadas víctimas, sino que tiene que traerlos a la vista para que sean contrainterrogados por la defensa. Determinó, además, que el ministerio público sólo puede someter el caso a base de declaraciones juradas cuando somete el mismo en ausencia del imputado sin citarlo para la vista. Por otro lado, sostuvo que los magistrados de instancia venían obligados a celebrar las vistas y llegar a una determinación. A esos efectos señaló que, si el ministerio público insistía en no presentar a los testigos y las alegadas víctimas, debían determinar no causa. De acuerdo al foro apelativo intermedio la celebración de la referida vista constituye un deber ministerial por lo que los magistrados no tenían discreción para decidir si celebrarlas o no. Finalmente, se ordenó la celebración de vistas para determinar causa probable para el arresto en los tres casos de acuerdo a lo resuelto en dicha sentencia y conforme a la prueba que optara por presentar el ministerio público.

B.   Pueblo v. Aponte Rosado, CC-2001-790

Por hechos supuestamente acaecidos el 17 de septiembre de 1999, el ministerio público presentó una denuncia contra Henry Aponte Rosado ante el Tribunal de Primera Instancia, Sala Municipal de Aibonito. Se le imputó una infracción al Artículo 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401, por la alegada posesión de cocaína con intención de distribuirla. La denuncia se basó principalmente en el testimonio del agente encubierto José R. Rivera Vélez, quien alegaba haber observado al imputado participar en transacciones relacionadas con el trasiego de drogas.

Luego de varias suspensiones, se celebró la vista de determinación de causa probable para el arresto en la que fueron citados tanto el imputado como el agente encubierto. A pesar de la incomparecencia del agente Rivera Vélez, se celebró la vista en presencia del imputado, acompañado por su abogado, y presentándose como testigo de cargo al supervisor del agente encubierto quien identificó al imputado y fue contrainterrogado por la defensa de éste. El tribunal de instancia admitió la declaración jurada del agente Rivera Vélez como prueba sustantiva, a lo que se opuso la defensa del imputado aduciendo que debido a que éste había comparecido representado por abogado debía celebrarse una vista adversativa en la que compareciera el agente para que pudiera ser contrainterrogado por el imputado. El planteamiento fue rechazado por el tribunal, por lo que el

imputado solicitó que se le proveyera, en ese momento, copia de la declaración jurada del agente; reclamo que también le fue denegado. Así las cosas, el foro primario determinó causa probable para el arresto del imputado Aponte Rosado.

Inconforme con esta determinación el imputado acudió ante el Tribunal de Circuito de Apelaciones mediante recurso de *certiorari* y moción en auxilio de jurisdicción. Mediante resolución a esos efectos, el tribunal apelativo intermedio ordenó la paralización de los procedimientos en el foro de instancia y le concedió al Procurador General un término para que mostrara causa por la cual no se debía expedir el recurso, revocar la resolución recurrida y devolver el caso al foro primario para brindarle la oportunidad al imputado de contrainterrogar a Rivera Vélez. El Procurador General así lo hizo.

El Tribunal de Circuito de Apelaciones dictó sentencia en la que <u>revocó</u> la determinación de causa probable para el arresto y devolvió el caso al foro de instancia para que reabriera "la vista de determinación de causa probable a fines de permitir al peticionario examinar la declaración jurada prestada por el agente Rivera y para que contrainterrogue a dicho testigo." Al así resolver el foro apelativo dictaminó que en vista de que el imputado había sido citado, y había comparecido representado por abogado, el procedimiento seguido en este caso era uno irregular que se apartaba de las normas

establecidas por el Tribunal Supremo de Puerto Rico. Manifestó que la Regla 6 de Procedimiento Criminal no autorizaba al Ministerio Público a combinar en una vista "híbrida" los dos procedimientos establecidos para la determinación de causa probable para arresto; a saber, el estudio de declaraciones juradas y el examen bajo juramento de testigos.

Insatisfecho con la actuación del tribunal apelativo intermedio, en los casos de epígrafe, el Procurador General acude --vía *certiorari*-- ante este Tribunal. Alega que procede revocar las sentencias emitidas por el tribunal apelativo intermedio debido a que dicho foro incidió:

> ... al resolver que si el Ministerio Público somete un caso para determinación de causa probable para el arresto citando al imputado, y éste comparece representado por abogado, no puede el fiscal o agente someter el caso a base de declaraciones juradas solamente, sino que tiene que producir a los testigos, quienes prestaron las declaraciones juradas, para ser contrainterrogados por la defensa.

El 9 de noviembre de 2001 <u>expedimos</u> el recurso y consolidamos los casos de epígrafe[5]. Contando con la comparecencia de todas las partes, y estando en posición de resolver el recurso radicado, procedemos a así hacerlo. <u>Revocamos</u>; veamos por qué.

---

[5] Refiriéndonos, específicamente, al caso <u>Pueblo</u> v. <u>Montalvo Nieves</u>, CC-2002-660, el mismo fue consolidado mediante Resolución de 13 de diciembre de 2002, ello por presentar hechos similares y exponer los mismos planteamientos que fueron levantados en los demás casos de epígrafe.

II

Sabido es que la acción penal en nuestro ordenamiento jurídico se inicia con la determinación de causa probable para arrestar o al citarse a una persona para que responda ante los tribunales por la comisión de un delito. D. Nevares-Muñiz, Sumario de Derecho Procesal Puertorriqueño, 5ta. ed. rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 1998, pág. 43; Pueblo v. Jiménez Cruz, 145 D.P.R. 803, 809-10 (1998). "[S]e trata de la presentación formal de una denuncia ante un tribunal, del proceso de determinación de causa probable para el arresto o citación, o de la conducción del arrestado ante un magistrado cuando se le arresta sin la orden correspondiente." E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, pág. 20. Es desde ese momento que el tribunal adquiere jurisdicción sobre la persona del imputado, Pueblo v. Miró González, 133 D.P.R. 813, 819 (1993) y éste queda sujeto a responder ("held to aswer") por la comisión del delito en un juicio adversativo. Nevares-Muñiz, Sumario de Derecho Procesal Puertorriqueño, ante, a la pág. 43.

La determinación de causa probable para el arresto constituye una exigencia constitucional. Pueblo v. Jiménez Cruz, ante, a la pág. 809; Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, ante, a las págs.

23-24. Nuestra Constitución claramente ordena que "[s]ólo se expedirán mandamientos autorizando...arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente...las personas a detenerse..." Art. II, Sec. 10, Const. E.L.A., 1 L.P.R.A.(énfasis nuestro). Sin esta determinación de causa probable el proceso judicial no puede continuar. Esto es, "[e]l imputado no podrá ser sometido a juicio sin previa determinación judicial de causa probable" para el arresto. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, ante, a la pág. 24.

A

Las Reglas 5 y 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.5 y 6, regulan esta etapa inicial del encausamiento criminal. Pueblo v. Irizarry Irizarry, res. el 10 de mayo de 2002, 2002 TSPR 62. En lo aquí pertinente la Regla 6 dispone, actualmente, en su Inciso (a), que:

> Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. . . .

El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo. En tales casos, el magistrado, además de la expedición de la orden de arresto o citación, deberá levantar un acta concisa y breve en la que exponga los hechos del delito por el cual determina causa probable, la fecha, hora y sitio donde se cometieron, el delito imputado y el nombre y dirección del testigo o testigos examinados por él bajo juramento para determinar causa probable.

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor. (énfasis nuestro).
. . .

La referida Regla ha sufrido varias enmiendas sustanciales a lo largo de los años cuyo efecto ha sido ir alterando de tiempo en tiempo el esquema de determinación de causa probable para el arresto. Originalmente las Reglas de Procedimiento Criminal de 1963 permitían la expedición de una orden de arresto únicamente cuando se le presentaba al magistrado una denuncia jurada. Ley Núm. 87 de 26 de junio de 1963, Leyes de Puerto Rico, pág. 269.

Posteriormente, la Ley Núm. 29 de 19 de junio de 1987 estableció un nuevo esquema que cambió el modo de determinar causa probable para el arresto. Uno de los cambios que introdujo fue permitir que el magistrado determinara causa probable examinando bajo juramento a algún testigo con conocimiento personal de los hechos, ello sin que fuera necesaria la presentación de una

denuncia. En virtud de este nuevo esquema, se incorporó el tercer párrafo de la actual Regla 6 para reconocerle al imputado el derecho a estar asistido por abogado, contrainterrogar los testigos que declararan en la vista y ofrecer prueba a su favor. El propósito era crear una "vista híbrida", de carácter adversativo que sustituyera a la vista preliminar de la Regla 23 de Procedimiento Criminal. En la misma se combinaba la determinación de causa probable para el arresto con la de causa probable para acusar. Todo imputado de delito sometido a una "vista híbrida", al amparo de la Regla 6, tenía los mismos derechos que uno sometido a una vista preliminar bajo la Regla 23 de Procedimiento Criminal. Bajo este nuevo esquema la vista preliminar no era necesaria en todo caso de delito grave, sino sólo en aquellos en que el magistrado de la vista de determinación de causa probable para el arresto no hubiese examinado testigos con conocimiento personal de los hechos; o cuando se determinara causa en ausencia del imputado; o estando éste presente, pero sin que estuviera asistido por abogado. Exposición de Motivos, Ley Núm. 29, ante, Leyes de Puerto Rico, pág. 98; Pueblo v. Rivera y Rodríguez, 122 D.P.R. 862, 875 (1998).

Si bien esta reforma tuvo como fin agilizar el proceso judicial criminal, los resultados no fueron los esperados. El efecto práctico fue que el imputado de delito grave prefería no comparecer a la vista de

determinación de causa probable para el arresto, y si lo hacía, no iba acompañado de abogado. De este modo, "garantizaba" su derecho a una vista preliminar bajo la citada Regla 23. Exposición de Motivos, Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, pág. 1503; véase, además: Pueblo v. Rodríguez López, res. el 14 de diciembre de 2001, 2001 TSPR 172.

Respondiendo a esta situación, la Asamblea Legislativa aprobó la Ley Núm. 26 de 8 de diciembre de 1990, la cual estableció el esquema que prevalece en la actualidad, revirtiendo el procedimiento de determinación de causa probable al que imperaba antes del 1987. Se adoptó, nuevamente, el concepto tradicional de una vista informal de determinación de causa probable para el arresto y se volvió a reconocer el derecho del imputado a la celebración de una vista preliminar en todo caso de delito grave. Ley Núm. 26, ante, Leyes de Puerto Rico, págs. 1504-05; véase, además: Pueblo v. Rivera Rivera, 145 D.P.R. 366, 373 (1998). A pesar de esto, los derechos reconocidos en el tercer párrafo de la Regla 6(a) que formaban parte del esquema que se derogó, inexplicablemente, no fueron eliminados. Se ha sugerido que esa omisión se debió a una inadvertencia de la Legislatura. Ibid.

Asimismo se ha expresado que el párrafo que consagra el derecho a contrainterrogar testigos y presentar prueba fue introducido por la Ley Núm. 29 de 19 de junio de 1987

como parte esencial del esquema para eliminar la vista preliminar en ciertos casos. Pueblo v. Rodríguez López, ante. "Eliminado tal esquema con la Ley 26 del 8 de diciembre de 1990, debió eliminarse también el tercer párrafo de la Regla 6(a)..." Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, ante, a las págs. 26-27.

En Pueblo v. Jiménez Cruz, ante, manifestamos que habiendo quedado la referida Regla redactada de ese modo "da la impresión de que el imputado puede reclamar el derecho absoluto a estar presente en esa vista, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor; en cuyo caso, la vista se convertiría en un procedimiento adversativo similar al juicio." Ibid. a la pág. 812. En aquella ocasión expresamos, y resolvimos, que dicha interpretación es contraria a la intención legislativa e incompatible con lo establecido en la Regla 6, en particular, en cuanto autoriza la celebración de la vista en ausencia del imputado.

A pesar de los cambios sufridos, la actual Regla 6(a) no ha dejado de exigir el cumplimiento de los requisitos ordenados por nuestra Constitución que son: la intervención de la figura neutral de un magistrado, la existencia de causa probable, que la determinación de causa probable esté apoyada en juramento o afirmación, y la especificidad de la orden. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia,

Ed. Forum, 1991, Vol. I, págs. 376-79.[6] En consecuencia, <u>lo esencial en la etapa de determinación de causa probable para el arresto es que se cumplan con estos requisitos, ello independientemente del método que se opte por utilizar de los establecidos y permitidos en la Regla 6</u>.

B

Dentro de este marco doctrinal gira la controversia que hoy nos ocupa. Los recurridos plantean, apoyados por los respectivos dictámenes del foro apelativo intermedio, que bajo el procedimiento establecido en la Regla 6(a) no es posible determinar causa probable para el arresto descansando, exclusivamente, en declaraciones juradas cuando el imputado asiste a la vista acompañado de abogado. Arguyen que en esos casos el Ministerio Público viene obligado a traer a los testigos para que la defensa los contrainterrogue. Aducen, además, que sólo se puede determinar causa probable para el arresto, basándose en declaraciones juradas, cuando la determinación se hace en ausencia del imputado. Esto es, plantean que la Regla 6(a) prohíbe el que en una vista se combinen los distintos mecanismos para la determinación de causa probable allí provistos y sugieren que el uso de los mismos varía dependiendo de si la vista se celebra en ausencia o presencia del imputado. <u>No les asiste la razón</u>.

---

[6] Véase, además: Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Vol. III, ante, a la pág. 27.

La exigencia constitucional, de determinar causa probable bajo la Regla 6 se refiere a un juicio de probabilidades. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. I, ante, a la pág. 377. "Lo importante es que en la vista de causa probable para el arresto se provean al magistrado los elementos para que éste pueda inferir la probabilidad de que: 1) se cometió determinado delito; y 2) el delito fue cometido por la persona contra la cual se determina causa probable." Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, ante, pág. 29; véase, además: Pueblo v. Jiménez Cruz, ante, a la pág. 813.

La otra exigencia constitucional, que también surge del texto de la Regla 6(a), es que la determinación de causa probable esté apoyada en declaraciones bajo juramento o afirmación. La Regla 6(a) provee que tales declaraciones juradas pueden surgir de la denuncia jurada, de declaraciones juradas acompañadas con la denuncia, o del testimonio bajo juramento del denunciante o un testigo durante la vista. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, ante, a la pág. 27.

Vemos pues que lo trascendental es cumplir con la exigencia de determinar causa probable y que la misma esté fundamentada en juramento o afirmación. El método mediante el cual se lleve a cabo dicha determinación es, realmente, algo secundario. Si examinamos detenidamente el texto de

la Regla 6, notamos que, contrario a lo que plantean los recurridos, en su Inciso (a), no se hace una distinción entre los mecanismos a utilizarse cuando la determinación de causa probable se celebra en ausencia del imputado y los que se usarán cuando se efectúe en su presencia. Claro está, no hay duda de que esta etapa del procedimiento penal puede llevarse a cabo tanto en presencia como en ausencia del imputado, siendo la presencia del imputado la excepción. Lo usual es que la determinación de causa probable para el arresto sea un procedimiento o vista *ex parte*, en ausencia del imputado. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Vol. III, ante, a la pág. 25; Nevares-Muñiz, <u>Sumario de Derecho Procesal Puertorriqueño</u>, ante, a la pág. 44. No obstante, la letra clara de la Regla parece indicar que los mecanismos allí provistos para determinar causa probable para el arresto son de aplicación <u>independientemente</u> de que la vista se celebre en ausencia o en presencia del imputado.

Si examinamos la Regla 6(a), <u>en su primer párrafo y primera oración</u>, observamos que se presentan las tres formas o métodos a través de los cuales se puede determinar causa probable para el arresto. Éstos son: 1) el examen de la denuncia jurada, 2) el examen de declaraciones juradas sometidas con la denuncia, o 3) el examen bajo juramento del denunciante o sus testigos. Por otro lado, <u>en la segunda oración de la referida Regla</u>, se

permite que el magistrado determine causa probable para el arresto descansando total o parcialmente en declaraciones que no requieren estar sustentadas en conocimiento personal, sino que pueden apoyarse en información o creencia con suficiente garantía circunstancial de confiabilidad. En el segundo párrafo del Inciso (a) de la Regla se reconoce que la determinación de causa probable no requiere, en todo caso, la presentación de una denuncia, sino que será suficiente el examen bajo juramento de uno o varios testigos que posean conocimiento personal de los hechos.

Tenemos pues, que considerada esta Regla en conjunto se permiten, como mecanismos para determinar causa probable, el examen de la denuncia jurada, de las declaraciones juradas sometidas con la denuncia y de testigos bajo juramento, ello independientemente de que el imputado se encuentre o no presente en la vista. No debemos establecer restricciones o limitaciones, ni hacer distinciones que la propia Regla no impone.

Por otro lado, y contrario a lo planteado por los recurridos, la Regla tampoco prohíbe que al determinar causa probable para el arresto se combinen dos o más de estos mecanismos.

Somos del criterio que la utilización, al someterse un caso al amparo de la Regla 6, de dos o más de los mecanismos establecidos en dicha Regla, no sólo facilita la labor del magistrado de determinar causa probable sino

que hace que dicha determinación tenga un grado mayor de corrección o certeza. No vemos, en consecuencia, razón lógica o jurídica alguna por la cual impedirlo; menos aún, cuando tomamos en consideración el hecho de que la citada Regla no lo prohíbe.

En resumen, resolvemos que la Regla 6 provee varias alternativas para determinar causa probable, a saber:

1) A base de la denuncia jurada.
2) A base de la denuncia y de las declaraciones juradas que se incluyan con la denuncia.

3) A base de la denuncia y del examen del testimonio del denunciante o sus testigos.

4) A base de las declaraciones juradas que se incluyan con la denuncia.

5) A base de las declaraciones juradas que se incluyan con la denuncia y del examen del testimonio del denunciante o sus testigos.

6) A base del examen del testimonio del denunciante o de algún testigo con conocimiento personal del hecho delictivo.

7) A base de la denuncia, de las declaraciones juradas que se incluyan con la denuncia y del examen del testimonio del denunciante o sus testigos.

Resolvemos, además, que estas siete (7) alternativas podrán utilizarse tanto en casos donde la vista se celebre en presencia del imputado como cuando se efectúe en ausencia de éste.

C

Por otro lado, y en relación a la situación en que la determinación de causa probable para el arresto se realiza en presencia del imputado, resulta necesario expresarnos

sobre el alcance del tercer párrafo de la Regla 6(a), el cual reconoce el derecho del imputado a estar asistido por abogado, contrainterrogar testigos y presentar prueba a su favor. Como ya vimos, el que la Legislatura mantuviera ese párrafo, aun cuando se derogó el esquema de 1987 que justificaba el reconocimiento de estos derechos, realmente parece haber sido una inadvertencia de su parte. Esto nos deja dos alternativas; eliminarlo judicialmente o interpretarlo de modo que sea armonizable con el nuevo esquema creado por las enmiendas de 1990. Nos inclinamos por la segunda alternativa, ya que la primera rebasaría los límites del poder judicial.

Ya hemos manifestado que "[e]n ausencia de pronunciamiento en contrario de la Asamblea Legislativa, estos vestigios del procedimiento anterior sólo se reconocen si la determinación de causa probable [para el arresto] se hace en presencia del acusado y representado por abogado..." Pueblo v. Rivera Rivera, ante, a la pág. 375. Del mismo modo, hemos dispuesto que estos derechos reconocidos en el tercer párrafo de la Regla 6(a) no son absolutos y el derecho del imputado a contrainterrogar los testigos en su contra en esa etapa del procedimiento criminal depende de la discreción del tribunal. Véase: Pueblo v. Rodríguez López, ante.

Lo que no debe ocurrir, y lo que intentamos evitar, es que la vista de determinación de causa probable para el arresto adquiera el alcance y formalidad de una vista

preliminar o se convierta en un "mini-juicio".[7] <u>Pueblo</u> v.
<u>Rodríguez López</u>, ante; véase, además: Chiesa Aponte,
<u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>,
Vol. III, ante, a las págs. 54 y 56. Ya el imputado tendrá
la oportunidad de ejercer plenamente sus derechos de
carearse con los testigos en su contra, obtener la
comparecencia compulsoria de testigos y presentar prueba a
su favor en el juicio que es el "momento realmente
culminante y crítico", donde esos derechos tienen rango
constitucional. <u>Pueblo</u> v. <u>Vega Rosario</u>, 148 D.P.R. 980,
986 (1999); <u>Pueblo</u> v. <u>Rodríguez Aponte</u>, 116 D.P.R. 653,
660 (1985). Por otra parte, el imputado de delito grave
tendrá, además, una oportunidad adicional previa al juicio
para ejercer esos derechos en la etapa de vista
preliminar. <u>Pueblo</u> v. <u>Jiménez Cruz</u>, ante, a la pág. 813.
Cónsono con lo anterior, consideramos acertado lo señalado
por la profesora Resumil cuando, refiriéndose al alcance
que se le debe otorgar a estos derechos bajo la Regla 6,
comenta:

> [A]unque la disposición concede al imputado la
> facultad para contrainterrogar a testigos de
> cargo y ofrecer prueba a su favor, <u>la
> jurisprudencia no lo ha considerado como un</u>

---

[7] En el propio historial legislativo de la Ley Núm. 29 de 19 de junio de 1987 que enmendó la Regla 6 para incluir el tercer párrafo se dijo que: "Las exigencias en esta etapa no deben confundirse con las exigencias de juicio en que las víctimas o testigos pueden ser llamados a testificar y están sujetos a contrainterrogatorios. Esto es así porque para la determinación de culpabilidad la prueba es mayor a la que se requiere en procedimientos preliminares." Informe del Senado, P. del S. Núm. 1114, 29 de abril de 1987, pág. 4.

derecho absoluto a contrainterrogar testigos con la excepción de aquellos que el fiscal haya sentado a declarar en la vista.[8]

De lo anteriormente expuesto colegimos que, en etapa de Regla 6(a), los derechos establecidos en el tercer párrafo sólo se reconocerán cuando el imputado comparezca a la vista acompañado de abogado. Estos derechos no serán absolutos sino limitados y sujetos a la discreción del tribunal. En particular, el derecho a contrainterrogar testigos se limitará a aquellos que el fiscal haya sentado a declarar en la vista. Con el propósito de armonizar el tercer párrafo de la Regla 6(a) con lo resuelto previamente, disponemos que el alcance del mismo será el siguiente:

(i) Cuando la vista se celebre en presencia del imputado:

a) Si el fiscal o agente no presenta testigos y descansa exclusivamente en la denuncia y/o en declaraciones juradas, el derecho del imputado se limitará a estar asistido por abogado y a presentar prueba a su favor.

b) Si el fiscal o agente examina testigos, independientemente de que se presente, además una denuncia y/o declaraciones juradas, el imputado tendrá derecho a la asistencia de abogado, a contrainterrogar a esos testigos y a presentar prueba a su favor.

(ii) Cuando la vista se celebre en ausencia del imputado.

a) En este caso no se activan los derechos del tercer párrafo de la Regla 6(a) y el fiscal o agente podrá someter el caso utilizando

---

[8] Véase, O.E. Resumil, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal*, San Juan, Ed. Equity Publishing Co., 1990, T.1 (Supl. 1994, pág. 23) (énfasis nuestro).

cualquiera de las siete (7) alternativas que mencionamos previamente.

Lo antes expuesto nos lleva a la conclusión de que en los casos de epígrafe el Ministerio Público actuó correctamente en el modo de someter los casos al amparo de la Regla 6. En Pueblo v. Irizarry Quiñones y otros, y en Pueblo v. Montalvo Nieves se sometieron los casos exclusivamente a base de declaraciones juradas incluidas con la denuncia y en Pueblo v. Aponte Rosado se "combinó" el uso de declaraciones juradas y el examen de un testigo de cargo. Como vimos, estos mecanismos están permitidos por la Regla 6(a), aun cuando las vistas se hayan celebrado en presencia de los imputados.

En los primeros dos casos, los imputados tenían derecho a presentar prueba a su favor, mas no a contrainterrogar pues ningún testigo de cargo declaró en dicha vista. El fiscal no tenía la obligación de presentar a testigo alguno ya que en esa etapa del procedimiento criminal el Estado debe tener la libertad de escoger la manera en que va a someter su caso sujeto a los límites de la Regla 6. Claro está, el magistrado tiene la facultad de ordenar la citación de cualquier persona que no esté presente para que sea examinado por el tribunal si así lo considera necesario. Véase, Pueblo v. Irizarry Irizarry, res. el 10 de mayo de 2002, 2002 TSPR 62. En el caso de Pueblo v. Aponte Rosado, donde se utilizaron dos de los

mecanismos permitidos, el imputado tenía derecho a presentar prueba a su favor y a contrainterrogar al testigo que declaró, derechos que éste tuvo la oportunidad de ejercer en la vista.

En virtud de lo antes expuesto, resolvemos que erró el Tribunal de Circuito de Apelaciones en la sentencia que emitiera en cuanto a todos los casos de epígrafe.


III

Debemos ahora resolver si los imputados de delito grave, en etapa de Regla 6, tienen derecho a examinar y obtener copia de las declaraciones juradas que se sometieron en la vista de causa probable para el arresto.

Es por todos sabido que el derecho que tiene un imputado a defenderse en un proceso criminal conlleva el derecho a informarse debidamente en la preparación de su defensa y a obtener, mediante el descubrimiento de prueba, evidencia que pueda favorecerle. Pueblo v. Arocho Soto, 137 D.P.R. 762, 766 (1994); Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 246 (1979). Si bien el derecho al descubrimiento de prueba es consustancial al derecho que tiene el imputado de defenderse,[9] el mismo no es absoluto. Pueblo v. Arocho Soto, ante; Pueblo v. Rodríguez Aponte, ante, a la pág. 668; Pueblo v. Dones Arroyo, 106 D.P.R. 303, 314 (1977). El descubrimiento de prueba a favor del

---

[9] Véase, Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 324 (1991); Pueblo v. Arocho Soto, ante.

acusado está limitado por la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.95, ello con el fin de evitar las llamadas "expediciones de pesca" en el sumario y archivos de fiscalía que, como hemos reiterado, están prohibidas.[10] Asimismo, hemos expresado que "[e]l descubrimiento de prueba que rebasa el texto de la Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. Está muy lejos de ser patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal." Pueblo v. Rodríguez Sánchez, ante, a las págs. 246-47.

La referida Regla 95 establece que la obligación del fiscal de descubrir información o evidencia a la defensa se activa con la presentación del pliego acusatorio, esto, es, con la denuncia en caso de delito menos grave o con la acusación en casos de delito grave. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, ante, pág. 320. La misma provee, en lo aquí pertinente, que previa moción del acusado el tribunal ordenará al fiscal el descubrimiento de:

> [c]ualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o

---

[10] Véase, Pueblo v. Echevarría Rodríguez I, ante; Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 669 (1985); Pueblo v. Romero Rodríguez, 112 D.P.R. 437, 440 (1982); López v. Tribunal Superior, 79 D.P.R. 498, 504-05 (1956); Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1992, Vol. II, pág. 33.

citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.[11]

Este Tribunal, desde Pueblo v. Ribas, 83 D.P.R. 386 (1961) y Pueblo v. Delgado López, 106 D.P.R. 441 (1977), ha establecido que un imputado tiene derecho a obtener copia de cualquier declaración, sea o no jurada, de un testigo de cargo si la solicita luego de que éste haya prestado testimonio, derecho que se activa una vez finaliza el examen directo y antes de comenzar el contrainterrogatorio. Véase, además: Pueblo v. Rodríguez López, ante, Pueblo v. Rivera Rivera, ante, a la pág. 376; Pueblo v. Rivera Rodríguez, 138 D.P.R. 138, 144 (1995). A igual conclusión llega el Profesor Chiesa al comentar que "la regla provee para que el Ministerio Fiscal sólo tenga que descubrir a la defensa las declaraciones juradas de los testigos de cargo luego de que éstos declaren por primera vez en alguna etapa de los procedimientos..."[12]

Ello se basa en que el propósito de las declaraciones juradas es servir de herramienta para que el imputado pueda impugnar, a través del contrainterrogatorio, la credibilidad del testimonio ofrecido por el testigo. Mientras el testigo no declare no surge la necesidad de contrainterrrogarlo ni de impugnarlo por lo que no habría

---

[11] Véase, 34 L.P.R.A. Ap. II, R. 95(a)(2).

[12] Véase, Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, ante, a la pág. 324 (Énfasis nuestro).

motivo para proveerle al imputado copia de la declaración antes de que ello ocurra. Es por eso que no es hasta que el testigo declara que surge el derecho a obtener la declaración jurada. Pueblo v. Ramos Cruz, 84 D.P.R. 563, 569 (1962).

Tenemos pues, que un imputado tiene derecho a obtener copia de las declaraciones juradas de los testigos de cargo que hayan declarado en vista preliminar, luego de finalizado el examen directo. Pueblo v. Rodríguez López, ante; Pueblo v. Rivera Rodríguez, ante, a la pág. 144; Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23(c). Además, luego de radicada la acusación el imputado de delito grave tiene derecho a solicitar las declaraciones juradas de los testigos que se sentaron a declarar: (i) en la vista de determinación de causa probable para el arresto o citación, (ii) en la vista preliminar, si aún no las tuviere y (iii) de testigos, que aun sin haber declarado, fueron renunciados por el fiscal por constituir prueba acumulativa. Pueblo v. Rodríguez López, ante; Pueblo v. Rivera Rodríguez, ante; Pueblo v. Quiñones Ramos, 99 D.P.R. 1, 6 (1970).

Particularmente, en el reciente caso de Pueblo v. Rodríguez López, ante, manifestamos que no se le debe reconocer al imputado el derecho a descubrir prueba en una etapa tan temprana como lo es la Regla 6.[13] Por otra parte,

---

[13] En dicho caso decidimos, además, que ni las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa

en <u>Pueblo</u> v. <u>Rivera Rivera</u>, ante, con hechos muy similares a los del presente caso, <u>resolvimos que el imputado de delito grave no tiene derecho a obtener copia de las declaraciones juradas que sirvieron de base para la determinación de causa probable para el arresto, antes de que los declarantes testifiquen por primera vez en alguna de las etapas posteriores significativas del proceso criminal, tales como la vista preliminar o el juicio.</u> *Ibid.* a la pág. 377.

A igual resultado debemos llegar en el caso que hoy nos ocupa. Los imputados de los casos de epígrafe no tienen derecho, en esta etapa inicial del proceso criminal, a examinar ni a obtener copia de las declaraciones juradas que fueron sometidas en la vista de determinación de causa probable para el arresto. Ello, independientemente de que estuvieron presentes en la referida vista. No habiendo declarado en dicha vista los testigos que ofrecieron las declaraciones juradas, el uso de las declaraciones juradas resulta innecesario en esa etapa.

Si bien es cierto que en ocasiones la defensa podría tener acceso a las declaraciones juradas antes del momento dispuesto en la Regla, <u>ello si demuestra la existencia de circunstancias especiales con apoyo en el debido proceso</u>

reconocen el derecho del acusado a obtener las declaraciones juradas de los testigos examinados en la vista de causa probable para el arresto, antes de que éstos declaren por primera vez en vista preliminar o se radique el pliego acusatorio.

de ley,[14] en este caso no se nos ha presentado un planteamiento constitucional que nos persuada. El mero hecho de no entregar al imputado copia de una declaración jurada prestada por el fiscal, sin tomar en consideración los hechos particulares del caso bajo estudio, no infringe automáticamente los preceptos básicos del debido procedimiento de ley. Véase, Pueblo v. Martell Cajigas, 88 D.P.R. 636 (1963). En el presente caso no se ha demostrado daño específico ni perjuicio alguno, según lo exigido por nuestra jurisprudencia, Pueblo v. Hernández Santana, 138 D.P.R. 577, 587-88 (1995), sino el mero hecho de no haberle provisto copia de las declaraciones juradas cuando el imputado lo requirió. Ello por sí solo no es suficiente.

Entendemos que los imputados, conforme los hechos específicos de sus respectivos casos, no han sufrido menoscabo alguno en su derecho al debido proceso de ley. Éstos tienen, aún por delante, varios mecanismos disponibles para impugnar cualquier irregularidad en el arresto o en etapa de Regla 6 como lo es la vista preliminar que, como es sabido, es un mecanismo inicial para cotejar la validez del arresto[15] y, posteriormente, la moción de desestimación bajo la Regla 64(p) de

---

[14] Véase, Pueblo v. Rodríguez López, ante; Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, ante, a la pág. 329.

[15] Véase, Pueblo v. Rivera Rivera, ante, a la pág. 374; Pueblo v. Rogríguez Aponte, ante, a la pág. 666.

Procedimiento Criminal.[16] No hay duda de que el remedio solicitado por los imputados recurridos estará disponible en vista preliminar, siendo "es[e] el momento más oportuno para que el imputado procure impugnar y contrainterrogar a los testigos en su contra." Pueblo v. Rodríguez López, ante, así como, también, lo tendrán bajo el mecanismo de descubrimiento de prueba dispuesto en la Regla 95 una vez se presente el pliego acusatorio.

IV

En mérito de lo antes expuesto, procede decretar la revocación de las sentencias emitidas en el presente caso por el Tribunal de Circuito de Apelaciones. Con relación a los casos Pueblo v. Irizarry Quiñones y otros, y Pueblo v. Montalvo Nieves, en los cuales no se llegó a determinación alguna bajo la Regla 6, ordenamos que, para cada uno de los imputados, se celebre una vista de determinación de causa probable para el arresto de acuerdo al mecanismo elegido por el ministerio fiscal de los permitidos por la Regla 6 y conforme a lo anteriormente resuelto. Devolvemos los casos al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ
Juez Presidente Interino

---

[16] En la misma tendrían que demostrar que no se determinó causa probable para el arresto conforme a derecho. 34 L.P.R.A. Ap. II, R. 64(p).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Markus R. Irizarry Quiñones,<br>Ismael Cintrón Rosario,<br>Remy Montalvo Nieves<br><br>    Recurridos<br>------------------------<br>El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Henry Aponte Rosado<br><br>    Recurrido<br>---------------------------<br>El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Remy Montalvo Nieves<br><br>    Acusado-recurrido | Núm. CC-2001-780  CERTIORARI<br><br><br><br><br><br>Núm. CC-2001-790  CERTIORARI<br><br><br><br><br>Núm. CC-2002-660  CERTIORARI |

SENTENCIA

San Juan, Puerto Rico, a 5 de noviembre de 2003

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de las sentencias emitidas en el presente caso por el Tribunal de Circuito de Apelaciones.

Con relación a los casos Pueblo v. Irizarry Quiñones y otros, y Pueblo v. Montalvo Nieves, en los cuales no se llegó a determinación alguna bajo la Regla 6, ordenamos que, para cada uno de los imputados, se celebre una vista de determinación de causa probable para el arresto de acuerdo al mecanismo elegido por el ministerio fiscal de los permitidos por la Regla 6 y conforme a lo anteriormente resuelto.

Se devuelven los casos al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo